**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | | |
|---|---|---|
| SHOMARI ALBERTS, | ) | Case No. CV 22-6775-FMO (JPR) |
| Petitioner, | ) | |
| | ) | ORDER DISMISSING HABEAS PETITION |
| v. | ) | |
| ASHLEY WILSON, | ) | |
| Respondent. | ) | |

On September 20, 2022, Shomari Alberts, proceeding pro se, filed a Petition for Writ of Habeas Corpus, purportedly under 28 U.S.C. § 2241, signing the Petition as "next of kin to Denyse Bradley," whose interests Alberts purports to represent. (Pet. at 8.) On September 27, the Magistrate Judge dismissed the Petition with leave to amend, noting that Alberts could not represent Bradley's interests, citing Local Rule 83-2.2.1 (person not represented by counsel may not delegate representation to any other person). The Magistrate Judge pointed out other deficiencies with the Petition as well, including that Wilson, the Respondent, appears to be a private citizen whom Alberts/Bradley want prosecuted. (See Pet. at 7.)

1

The Magistrate Judge warned that if Alberts or Bradley did not file an amended petition correcting the many deficiencies by no later than October 27, "this action will likely be dismissed for failure to prosecute" and for the reasons stated in the dismissal order. To date no amended petition has been filed, nor has an extension of time been sought.

Courts may dismiss lawsuits that are not diligently prosecuted. See Link v. Wabash R.R., 370 U.S. 626, 629-30 (1962); Carey v. King, 856 F.2d 1439, 1441 (9th Cir. 1988) (per curiam). In determining whether to dismiss a pro se petitioner's action for failure to prosecute, a court must consider (1) the public's interest in expeditious resolution of litigation, (2) the court's need to manage its docket, (3) the risk of prejudice to the respondent, (4) the public policy favoring disposition of cases on their merits, and (5) the availability of less drastic sanctions. See Pagtalunan v. Galaza, 291 F.3d 639, 642 (9th Cir. 2002). Unreasonable delay creates a rebuttable presumption of prejudice to the opposing party that can be overcome only with an affirmative showing of just cause by the petitioner. See In re Eisen, 31 F.3d 1447, 1452-53 (9th Cir. 1994).

Here, the first, second, third, and fifth factors militate in favor of dismissal. The Court cannot simply leave hanging on its docket a case without a viable initial pleading. Indeed, because Alberts cannot represent Bradley's interests and Bradley didn't sign the Petition herself, the Court doesn't know if the latter even wants to bring this action. Further, the presumption of prejudice to Respondent has not been rebutted. Finally, there does not appear to be any less drastic sanction

the Court can take, as no amended petition was filed even after the warning that the action would likely be dismissed otherwise. Although the fourth factor weighs against dismissal — as it does in every case — the other factors together outweigh the public's interest in disposing of the case on its merits.

Accordingly, the Petition and this action are dismissed for the reasons stated in the Magistrate Judge's September 27, 2022 Order, which the Court has read and accepts, and under the Court's inherent power to achieve the orderly and expeditious disposition of cases by dismissing actions for failure to prosecute.[1]

LET JUDGMENT BE ENTERED ACCORDINGLY.

DATED: November 4, 2022

/s/
FERNANDO M. OLGUIN
U.S. DISTRICT JUDGE

Presented by:

*Jean Rosenbluth* (signature)
Jean Rosenbluth
U.S. Magistrate Judge

---

[1] In dismissing this action, the Court expresses no view on whether any subsequent habeas petition would be timely or otherwise procedurally proper.